UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOSE CONTRERAS,<br><br>    Petitioner<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. CV 16-5046-SVW (GJS)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL FOR UNEXHAUSTION AND NONCOGNIZABILITY |
|---|---|

    On July 11, 2016, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district ("Petition"). The Petition stems from Petitioner's March 4, 2015 conviction in Los Angeles County Superior Court Case No. NA100573 (the "State Conviction"). Petitioner sustained the State Conviction following his nolo contendere plea to five counts of violating California Health & Safety Code § 11379(a). He was sentenced on March 27, 2015.

    Petitioner did not appeal the State Conviction. (Petition at 3-5.) He filed a motion in the trial court on or about September 4, 2015, to recall his felony sentence and reduce it, which the trial court denied on September 18, 2015. He may have filed another such trial court motion on or about November 17, 2015, although the

record is unclear. It is clear, however, that Petitioner has not filed any habeas petitions or other post-conviction filings in the California Court of Appeal or the California Supreme Court.[1]

The Petition bears a signature date of June 21, 2016, but it was not received by the Clerk's Office until July 8, 2016. For the sake of argument, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on June 21, 2016. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE PETITION

The Petition raises two grounds. In Ground One, Petitioner complains that he is not receiving a proper application of good-time credits to his sentence. In Ground Two, Petitioner disputes his guilt with respect to the crime of which he was convicted (transportation or sale of methamphetamine). He alleges that he purchased the drugs involved for his own consumption, not for sale as charged, that the quantities are too small for conviction, and that mitigating factors exist. Petitioner asks the Court to review whether he is guilty of the five counts to which he pled guilty.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, it is plain from the face of the Petition that summary dismissal is warranted as set forth below.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

**GROUND TWO OF THE PETITION IS NOT COGNIZABLE**

As noted above, the State Conviction stems from Petitioner's guilty plea. When a defendant who was convicted pursuant to a guilty plea later seeks collateral relief based on asserted constitutional errors that occurred before that plea was entered, he is barred, with few exceptions, from obtaining such relief.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989); *see also, e.g., Mitchell v. Superior Court*, 632 F.2d 767, 769 (9th Cir. 1980) ("As a general rule, one who has voluntarily and intelligently pled guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations."). The Supreme Court's decision in *Tollett v. Henderson*, 411 U.S. 258 (1973) established this bar on federal habeas claims based on pre-plea constitutional violations:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent nature of the plea by showing that the advice he received from counsel was [inadequate].

*Id.* at 267.

Since *Tollett*, the Supreme Court has recognized that the bar on attacking pre-plea constitutional errors does not apply when the pre-plea error is "jurisdictional," *i.e.*, it implicates the government's power to prosecute the defendant. *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999); *see, e.g., Menna v. New York*,

3

432 U.S. 61, 62 (1975) (*per curiam*) (double jeopardy claim); *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974) (vindictive prosecution claim); and *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1006 (9th Cir. 2000) (unconstitutional/vague statute claim).  Critically, however, the Supreme Court "has subsequently limited the scope of these exceptions to include only those claims in which, judged on the face of the indictment and the record, the charge in question is one which the state may not constitutionally prosecute."  *Johnston*, 199 F.3d at 1019-20 n.3 (citing *Broce*, 109 S. Ct. at 765-66).

In Ground Two, Petitioner contends that he is not guilty of the offense to which he pled guilty.  He disputes that the drugs he possessed were for sale and argues that the amounts involved were too low.  He also argues a variety of assertedly mitigating factors.  This claim is a classic pre-plea, nonjurisdictional claim barred by the *Tollett* rule.  Notwithstanding the circumstances of his crimes that he alleges here, Petitioner opted to plead nolo contendere to five charges of possession of methamphetamine for transport or sale.  While he may regret his plea deal, *Tollett* bars him from his after-the-fact attempt to take back his plea.

As Ground Two is barred by *Tollett*, the claim is not cognizable.  Accordingly, under Rule 4, summary dismissal of Ground Two is required.

## THE PETITION IS FULLY UNEXHAUSTED

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A

state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).

Petitioner alleges that he has not filed an appeal or sought habeas relief in the California Supreme Court with respect to the State Conviction. The Court's review of the dockets available electronically for the California Court of Appeal and the California Supreme Court confirm these allegations and, thus, that Petitioner has not raised Grounds One and Two in the state high court. Accordingly, the Petition is fully unexhausted and subject to dismissal. However, a petitioner has the following two options available when his petition is found to be fully unexhausted.

Under Option One, a petitioner may dismiss the action without prejudice so that he may return to state court to exhaust all of his claims. *Rose* 455 U.S. at 510 (the district court must give a petitioner "the choice of returning to state court to exhaust his claims").

Under Option Two, a petitioner may ask the district court to stay the unexhausted petition while the petitioner returns to state court to present unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-77 (2005) (addressing the requirements for a *Rhines* stay); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a district court has the discretion to issue a *Rhines* stay for a fully unexhausted petition). To obtain a *Rhines* stay, a petitioner must show (1) "good cause" for the failure to exhaust the claim at issue; (2) that the unexhausted claim is "potentially meritorious"; and (3) and that he or she has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

It does not appear that the requirements for a *Rhines* stay can be satisfied here. The "potentially meritorious" requirement plainly is not satisfied with respect to Ground Two, because the claim is *Tollett*-barred. That requirement also is not satisfied with respect to Ground One, because the claim, as pleaded, fails to state

any *federal* violation – a requirement for federal habeas relief. 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991). But even if Ground One could be read to state a federal claim (and it cannot as currently pleaded), there is no apparent "good cause" for Petitioner's failure to attempt to exhaust it in the state courts before filing the Petition. Indeed, Petitioner alleges that he has not received any good-time credits since March 27, 2015 until the present. Certainly he could have sought state relief during this 15-month time span.

\* \* \* \* \*

For the reasons set forth above, dismissal of the Petition appears to be required. The Court, however, will provide Petitioner with the opportunity to explain, if he can, why the Petition should not be dismissed despite the above defects.

Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed for the reason set forth above. By no later than **September 12, 2016**, Petitioner shall file a response to this Order To Show Cause. The Response must address both the exhaustion and *Tollett* problems, as follows:

*Exhaustion:*

If Petitioner concedes that this action is unexhausted, he shall state this concession clearly. If Petitioner disputes that this action is unexhausted, he must explain clearly and in detail why it is not unexhausted, and provide any available competent evidence that establishes the exhaustion of this action. In either event, Petitioner must advise the Court which of the following two Options he elects if the Petition is unexhausted:

*Option One*: Petitioner may allow the Petition to be dismissed without prejudice on the basis that it is fully unexhausted and, if Petitioner wishes to do so, return to state court to exhaust his unexhausted claims. Under this option, once the state exhaustion process is complete, Petitioner would have to file a new and fully-exhausted federal habeas petition containing all his exhausted claims. Petitioner is

cautioned that any such new federal habeas petition Petitioner might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and possibly could be untimely.  The Clerk is directed to send to Petitioner, with this Order, a CV-09 form Notice of Dismissal, which Petitioner may use to dismiss this case should he elect Option One.  If Petitioner elects Option One, he need not file a Response and may simply fill out and file the Notice of Dismissal form.

*Option Two*:  Petitioner may request a *Rhines* stay by stating so in his Response. Specifically, the Response must:  (1) request a *Rhines* stay of the Petition; (2) establish that Petitioner had good cause for his failure to exhaust Grounds One and Two before proceeding to federal court; (3) show that the other two *Rhines* factors are met; and (4) establish, consistent with the showing required under *Rhines*, why this Court should exercise its discretion in favor of staying this action.

*Tollett:*

In addition, in his Response, Petitioner shall state clearly whether he concedes that Ground Two of the Petition is barred by the *Tollett* rule or not.  If he disputes that the *Tollett* bar applies to Ground Two, he must explain why the bar is inapplicable to the second claim alleged in the Petition.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed.**

IT IS SO ORDERED.

DATED: August 03, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE